UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOE LEWIS VALENTINE, | No. CV 25-02436-VBF (DFM) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| THE EXECUTIVE OFFICER OF THE BOARD OF PAROLE HEARINGS et al., | |
| Defendants. | |

## I. BACKGROUND

Plaintiff Joe Lewis Valentine, a state prisoner proceeding pro se, has filed a civil rights Complaint under 42 U.S.C. § 1983. See Dkt. 1 ("Compl."). Plaintiff asserts claims against the Executive Officer of the Board of Parole Hearings, the Executive Officer of the California Department of Corrections and Rehabilitation, and the District Attorney of Los Angeles (collectively, "Defendants") arising from the denial of his parole in May 2020. See id. at 3-4.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief. As discussed below, the Complaint must be dismissed because it fails to state a claim. Because the deficiencies in

the Complaint cannot be cured, dismissal is without leave to amend.

## II. FACTUAL ALLEGATIONS

Plaintiff is a California state prisoner currently serving a sentence of 25-years-to-life for his conviction of conspiracy to commit murder. See Compl. at 13. Plaintiff challenges his parole denial related to this conviction, asserting that Defendants violated his due process rights during his May 21, 2020, parole hearing. See id. at 7. Specifically, Plaintiff alleges that Defendants mischaracterized his conviction by concluding that he was convicted of both conspiracy to commit murder and the actual murder of the victim, Johnny Ray Bright, when in fact, he had not been convicted on the murder charge. See id. In reaching this conclusion, according to Plaintiff, the Parole Board improperly relied upon a 1982 probation report and 1983 state appellate court decision, even though the probation report contains inaccurate and unreliable information, and the appellate decision clarifies that he was not convicted of murder. See id. at 10-11. Plaintiff seeks compensatory and punitive damages, as well as an order that the Parole Board provide him a new parole hearing. See id. at 6.

Plaintiff previously filed a federal habeas action challenging the same denial of parole. See Joe Lewis Valentine v. F. Guzman, Case No. CV 24-02127-VBF-DFM (C.D. Cal. Mar. 14, 2024). Plaintiff's habeas petition was denied on November 20, 2024, on the ground that it failed to state a cognizable federal habeas claim. See id., Dkts. 10, 11.

## III. STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be

taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and alteration omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be

given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). But if after careful consideration it is clear that a complaint cannot be cured by amendment, the Court may dismiss it without leave to amend. See id. at 1105-06; Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" when plaintiffs could not cure the "basic flaw" in the pleading); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## IV.   DISCUSSION

### A.   Plaintiff's Claims are *Heck*-Barred

Civil tort actions, including § 1983 suits, are not an appropriate means to challenge the validity of outstanding criminal judgments where success in the civil action would necessarily require a plaintiff to prove the unlawfulness of his conviction or confinement. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). To recover damages, a § 1983 plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.

The Ninth Circuit has held that Heck applies with equal force in the context of parole and probation. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement.") (citation omitted); Baskett v. Papini, 245 Fed. App'x 677, 678 (9th Cir. Aug.

21, 2007) (affirming Heck denial because the complaint "necessarily call[ed] into question the validity of the probation revocation" and plaintiff "failed to allege that his sentence ha[d] been invalidated."). District courts, in turn, have repeatedly found that the Heck bar applies to claims that challenge the fact or duration of parole. See, e.g., Breitbard v. California Dep't of Corr. and Rehab., No. 22-0653, 2022 WL 3048173, at *7 (C.D. Cal. June 27, 2022) ("Because success on Plaintiff's claims would necessarily undermine the validity of Plaintiff's parole term, the instant claims for damages are barred by the Heck doctrine."), report and recommendation adopted, 2022 WL 3047131 (C.D. Cal. Aug. 2, 2022); Bailey v. Nevada Parole Bd., 2022 WL 980551, at *2 (D. Nev. Mar. 31, 2022) ("The Heck test also applies to proceedings that affect the fact or duration of parole.").

  Plaintiff alleges that Defendants violated his constitutional rights when they denied him parole based on his refusal "to accept the Board Panel's improper legal position and prejudicial conclusion—i.e., that his commitment offense is a conspiracy to kill and killing Bright." Compl. at 8. Plaintiff's claim falls squarely within the proscription of the Heck doctrine. Indeed, "[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." Butterfield, 120 F.3d at 1024 (concluding that plaintiff's allegation that defendants violated his due process rights when they relied on false information in his prison file to find him ineligible for parole was barred by Heck).

  In Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), the Ninth Circuit recognized a narrow exception to Heck's general applicability for claims brought by "former prisoners challenging loss of good-time credits, revocation of parole or similar matters" where a habeas remedy is unavailable due to

mootness because the prisoner had "fully served the period of incarceration that he is attacking" before he was able to obtain habeas relief. Id. at 876. As the Ninth Circuit has explained: "Nonnette was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claim when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence." Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).

Here, the Nonnette exception does not apply to Plaintiff. As an initial matter, Plaintiff is not challenging the loss of good-time credits or the revocation of parole; instead, he is challenging the denial of parole and thus does not fall within the narrow parameters of the Nonnette exception. Moreover, even if Plaintiff's claims fell within the scope of the Nonnette exception, Plaintiff's ability to obtain habeas relief was not cut short by his release from custody. Instead, Plaintiff remains in custody where he sought habeas relief, which was denied.[1] As such, the concern underlying Heck—the need to avoid "the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction"—requires application of the Heck doctrine in this case to avoid conflicting judgments. Heck, 512 U.S. at 486 (internal quotation marks and citation omitted).

Accordingly, Plaintiff's claims related to the denial of his parole are Heck barred and must be dismissed.

---

[1] According to publicly available records, Plaintiff remains incarcerated at California State Prison, Centinela, following his stipulation to unsuitability for parole on May 13, 2025. See California Incarcerated Records and Information Search, https://ciris.mt.cdcr.ca.gov/search (search by name "Joe Lewis Valentine"). He is next eligible for parole in May 2028. See id.

B.  **Eleventh Amendment Immunity**

Plaintiff sues the Executive Officer of the Board of Parole Hearings, the Executive Officer of the California Department of Corrections and Rehabilitation, and the District Attorney of Los Angeles in their official capacity. See Compl. at 3.[2] The Eleventh Amendment to the U.S. Constitution bars suits against states, state agencies, and state officials in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id.

Here, Defendants are officers or agents of the California Department of Corrections or the Los Angeles District Attorney's Office. Plaintiff's official-capacity claims against these Defendants are tantamount to claims against the State of California. See Brown v. Or. Dep't of Corr., 751 F.3d 983, 988-89 (9th Cir. 2014) (affirming that claims against state department of corrections is barred by Eleventh Amendment); Del Campo v. Kennedy, 517 F.3d 1070, 1074 (9th Cir. 2008) ("California DAs . . . act as state officials, and so possess Eleventh Amendment immunity, when acting in their prosecutorial capacity.") (citation omitted). Accordingly, the Eleventh Amendment bars Plaintiff's

---

[2] It is not clear whether Plaintiff is attempting to pursue claims against the California Department of Corrections and Rehabilitation, Board of Parole Hearings, or the Los Angeles District Attorney's Office. Although he references these entities throughout the Complaint, they are not named in the list of Defendants. See Compl. at 3-4. If he is pursuing claims against these entities, such claims are barred by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984) (the Eleventh Amendment prohibits suits against a State or its agencies in federal court unless the State waives its immunity).

claims for damages against these Defendants in their official capacity.

**C.     Prosecutorial Immunity**

In addition, the District Attorney of Los Angeles is entitled to immunity for any role in Plaintiff's parole hearing. "A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'" Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005) (citation omitted). "[P]rosecutors should be afforded absolute immunity for parole recommendations, because parole decisions are a continuation of the sentencing process." Brown v. Cal. Dep't of Corr., 554 F.3d 747, 750 (9th Cir. 2009).

**D.     Parole Board Immunity**

Likewise, the Executive Officer of the Board of Parole Hearings is immune from Plaintiff's suit because his claims against him are based entirely on the denial of Plaintiff's parole. See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) ("Although a section 1983 action may be maintained against officials acting in their individual capacities, parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications." (citations omitted)).

**D.     Supervisory Liability**

Finally, Plaintiff's claims against Defendants are based solely on their supervisory status. Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability, in the absence of a state law imposing such liability. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836 (1994). A plaintiff must allege either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Here, Plaintiff has done neither, instead asserting only that Defendants "sanctioned" the "incorrect legal conclusion that [he] committed murder." Compl. at 3.

Accordingly, because allowing further amendment of Plaintiff's claims would be futile for the reasons discussed above, they will be dismissed without leave to amend.

## V.  CONCLUSION

IT IS THEREFORE ORDERED, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, that this action is dismissed without leave to amend. Judgment shall be entered accordingly.

Dated:   October 3, 2025

/s/ Valerie Baker Fairbank

_____

VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge